STATE OF ILLINOIS

RBP510

IN THE CIRCUIT COURT OF THE ___FIRST___ JUDICIAL CIRCUIT
___WILLIAMSON___ COUNTY

VONNIE HOFER, INDEPENDENT ADMINISTRATOR
OF THE ESTATE OF ARTHUR HOFER, DECEASED,

    Plaintiff,

vs.

WROPHAS MEEKS, M.D., LOGAN PARKS IMAGING, LLC,
SI RADIOLOGY ASSOCIATES, LLC, AND CHIRAG
DAVE, M.D.,

    Defendants.

No. C 9 L 163

## SUMMONS

Chirag Dave, M.D.- VA Medical Center, 2401 W. Main, Marion, IL 62959

To each defendant:

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court ___WILLIAMSON COUNTY___ building, room ___,
___200 West Jefferson, Marion___, Illinois, within 30 days after service of this summons,
(Address) (City)
not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS ___10/9___, 20 _09_

(Seal of Court)

_____
(Check of the Circuit Court)
By: _____
(Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)

Name ___Alan G. Pirtle___
Attorney for ___Plaintiff___
Address ___5111 West Main Street___
City ___Belleville___
Telephone ___(618) 235-0020___

Served: 10.29.09

Exhibit A

IN THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

**FILED**

OCT 0 9 2009

Stuart Nall
CLERK OF THE CIRCUIT COURT

VONNIE HOFER, INDEPENDENT )
ADMINISTRATOR OF THE )
ESTATE OF ARTHUR HOFER, )
DECEASED, )
 )
 Plaintiff, )
 ) No. 09-L-163
vs. )
 )
WROPHAS MEEKS, M.D., )
LOGAN PARK IMAGING, LLC. )
SI RADIOLOGY ASSOCIATES, LLC, )
and CHIRAG DAVE, M.D. )
 )
 Defendants. )

## COMPLAINT

### COUNT I
(Survival Action vs. Wrophas Meeks, M.D.)

Comes now the Plaintiff, Vonnie Hofer, Independent Administrator of the Estate of Arthur Hofer, deceased, by her undersigned attorneys, Alan G. Pirtle and Becker, Paulson, Hoerner, & Thompson, P.C., and for Count I of her Complaint states as follows:

1. The Plaintiff, Vonnie Hofer, is the duly appointed Independent Administrator of the Estate of Arthur Hofer, deceased. (See Exhibit A attached hereto).

2. Upon information and belief, at all times relevant herein, the Defendant, Wrophas Meeks, M.D., was a physician licensed to practice medicine in Illinois and was practicing medicine in Williamson County, Illinois including providing radiology services to patients of the Veterans' Administration Medical Center in Marion, Williamson County, Illinois.

1

3. On October 11 and 12, 2007, the decedent, Arthur Hofer, was a patient at the Veterans Administration Medical Center in Marion, Illinois.

4. The decedent remained a patient of said hospital up to and including his death there on October 12, 2007.

5. Upon information and belief, during the decedent's admission at said Veterans Administration Medical Center, the Defendant, Wrophas Meeks, M.D., provided care to him; namely, review and interpretation of x-rays or other studies that were performed on the decedent.

6. On October 12, 2007, a chest x-ray was obtained on the decedent at said medical center.

7. Upon information and belief, the Defendant read and interpreted said chest x-rays.

8. At all times relevant herein, the Defendant, Wrophas Meeks, M.D., owed a duty to the decedent to use the skill and care used by a reasonably careful physician under similar circumstances.

9. On October 12, 2007, the Defendant interpreted a chest x-ray performed on the decedent as showing a greater than 60 percent right-sided pnuemothorax.

10. Upon current information and belief, on October 12, 2007, the Defendant breached said duty by one or more of the following acts or omissions:

   A. Negligently and carelessly failed to promptly and timely provide his interpretation of the chest x-ray to a physician or physician surrogate who was treating the decedent; and/or

   B. Negligently and carelessly failed to read and interpret the chest x-ray in a "stat" or prompt manner so that his interpretation could be provided to the decedent's physicians or physician surrogates in a timely manner; and/or

C. Otherwise negligently and carelessly failed to provide appropriate radiological care to the decedent.

11. As a direct and proximate result of one or more of the foregoing acts or omissions, the medical condition of the decedent, Arthur Hofer, was not adequately and timely diagnosed and treated which was a cause of: decedent experiencing and sustaining pain and suffering, disability, emotional distress, disfigurement, disability, and loss of normal life; the effectiveness of his medications and medical care and his chance of survival were reduced and he died on October 12, 2007; and, the decedent required additional medical care and incurred medical and other expenses prior to his death on October 12, 2007 all to his damage in a sum in excess of Fifty Thousand Dollars ($50,000.00).

12. This count is brought pursuant to the Illinois Survival Act, 755 ILCS 5/27-6 et. seq.

WHEREFORE, the Plaintiff respectfully requests judgment be entered against the Defendant, Wrophas Meeks, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00) for Arthur Hofer's damages sustained prior to his death, and Plaintiff's costs of suit.

## COUNT II
(Wrongful Death vs. Wrophas Meeks)

Comes now the Plaintiff, Vonnie Hofer, Independent Administrator of the Estate of Arthur Hofer, deceased, by her undersigned attorneys, Alan G. Pirtle and Becker, Paulson, Hoerner, & Thompson, P.C., and for Count II of her Complaint states as follows:

3

1. The Plaintiff, Vonnie Hofer, is the duly appointed Independent Administrator of the Estate of Arthur Hofer, deceased. (See Exhibit A attached hereto).

2. Upon information and belief, at all times relevant herein, the Defendant, Wrophas Meeks, M.D., was a physician licensed to practice medicine in Illinois and was practicing medicine in Williamson County, Illinois including providing radiology services to patients of the Veterans Administration Medical Center in Marion, Williamson County, Illinois.

3. On October 11 and 12, 2007, the decedent, Arthur Hofer, was a patient at the Veterans Administration Medical Center in Marion, Illinois.

4. The decedent remained a patient of said hospital up to and including his death there on October 12, 2007.

5. Upon information and belief, during the decedent's admission at said Veterans Administration Medical Center, the Defendant, Wrophas Meeks, M.D., provided care to him; namely, review and interpretation of x-rays or other studies that were performed on the decedent.

6. On October 12, 2007, a chest x-ray was obtained on the decedent at said medical center.

7. Upon information and belief, the Defendant read and interpreted said chest x-rays.

8. At all times relevant herein, the Defendant, Wrophas Meeks, M.D., owed a duty to the decedent to use the skill and care used by a reasonably careful physician under similar circumstances.

9. On October 12, 2007, the Defendant interpreted a chest x-ray performed on the decedent as showing a greater than 60 percent right-sided pnuemothorax.

10. Upon current information and belief, on October 12, 2007, the Defendant breached said duty by one or more of the following acts or omissions:

   A. Negligently and carelessly failed to promptly and timely provide his interpretation of the chest x-ray to a physician or physician surrogate who was treating the decedent; and/or

   B. Negligently and carelessly failed to read and interpret the chest x-ray in a "stat" or prompt manner so that his interpretation could be provided to the decedent's physicians or physician surrogates in a timely manner; and/or

   C. Otherwise negligently and carelessly failed to provide appropriate radiological care to the decedent.

11. One or more of the foregoing acts or omissions caused or contributed to cause the death of Arthur Hofer on October 12, 2007.

12. One or more of the foregoing acts or omissions was a cause of the next-of-kin of Arthur Hofer, deceased, having suffered pecuniary loss, been deprived of his love, companionship, and society, and the next-of-kin having sustained monetary damages and grief and sorrow all in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff respectfully requests judgment be entered against the Defendant, Wrophas Meeks, M.D. in a sum in excess of Fifty Thousand Dollars ($50,000.00) for the damages of Arthur Hofer's next-of-kin and their costs of suit.

### COUNT III
(Survival Action vs. SI Radiology, LLC and Logan Park Imaging, LLC)

Comes now the Plaintiff, Vonnie Hofer, Independent Administrator of the Estate of Arthur Hofer, deceased, by her undersigned attorneys, Alan G. Pirtle and Becker,

5

Paulson, Hoerner, & Thompson, P.C., and for Count III of her Complaint states as follows:

1. The Plaintiff, Vonnie Hofer, is the duly appointed Independent Administrator of the Estate of Arthur Hofer, deceased. (See Exhibit A attached hereto).

2. Upon information and belief, at all times relevant herein, Wrophas Meeks, M.D., was a physician licensed to practice medicine in Illinois and was practicing medicine in Williamson County, Illinois including providing radiology services to patients of the Veterans Administration Medical Center in Marion, Williamson County, Illinois.

3. Upon information and belief, at all times relevant herein, the Defendant SI Radiology Associates, LLC employed Wrophas Meeks, M.D. and he was acting as its agent, servant or employee.

4. In the alternative, upon information and belief, at all times relevant herein, the Defendant Logan Park Imaging, LLC employed Wrophas Meeks, M.D. and he was acting as its agent, servant or employee.

5. On October 11 and 12, 2007, the decedent, Arthur Hofer, was a patient at the Veterans Administration Medical Center in Marion, Illinois.

6. The decedent remained a patient of said hospital up to and including his death there on October 12, 2007.

7. Upon information and belief, during the decedent's admission at said Veterans Administration Medical Center, the Defendant, SI Radiology Associates, LLC and/or Logan Park Imaging, LLC, by and through its agent, servant or employee,

6

Wrophas Meeks, M.D., provided care to the decedent; namely, review and interpretation of x-rays or other studies that were performed on the decedent.

8. On October 12, 2007, a chest x-ray was obtained on the decedent at said medical center.

9. Upon information and belief, the Defendant, through its agent, servant or employee, Wrophas Meeks, M.D. read and interpreted said chest x-rays.

10. At all times relevant herein, the Defendant, through its agents, servants or employees, owed a duty to the decedent to use the skill and care used by reasonably careful physicians under similar circumstances.

11. On October 12, 2007, the Defendant, through its agents, servants or employees, interpreted a chest x-ray performed on the decedent as showing a greater than 60 percent right-sided pnuemothorax.

12. Upon current information and belief, on October 12, 2007, the Defendant SI Radiology and/or Logan Park Imaging, LLC, by its agents, servants or employees breached said duty by one or more of the following acts or omissions:

- A. Negligently and carelessly failed to promptly and timely provide his interpretation of the chest x-ray to a physician or physician surrogate who was treating the decedent; and/or
- B. Negligently and carelessly failed to read and interpret the chest x-ray in a "stat" or prompt manner so that his interpretation could be provided to the decedent's physicians or physician surrogates in a timely manner; and/or
- C. Otherwise negligently and carelessly failed to provide appropriate radiological care to the decedent.

13. As a direct and proximate result of one or more of the foregoing acts or omissions, the medical condition of the decedent, Arthur Hofer, was not adequately and timely diagnosed and treated which was a cause of: decedent experiencing and sustaining pain and suffering, disability, emotional distress, disfigurement, disability, and loss of

7

normal life; the effectiveness of his medications and medical care and his chance of survival were reduced and he died on October 12, 2007; and, the decedent required additional medical care and incurred medical and other expenses prior to his death on October 12, 2007 all to his damage in a sum in excess of Fifty Thousand Dollars ($50,000.00).

14. This count is brought pursuant to the Illinois Survival Act, 755 ILCS 5/27-6 *et. seq.*

WHEREFORE, the Plaintiff respectfully requests judgment be entered against the Defendant, SI Radiology Associates, LLC and/or Logan Park Imaging, LLC, in a sum in excess of Fifty Thousand Dollars ($50,000.00) for Arthur Hofer's damages sustained prior to his death and Plaintiff's costs of suit.

## COUNT IV

(Wrongful Death vs. SI Radiology Associates, LLC and Logan Parking Imaging, LLC)

Comes now the Plaintiff, Vonnie Hofer, Independent Administrator of the Estate of Arthur Hofer, deceased, by her undersigned attorneys, Alan G. Pirtle and Becker, Paulson, Hoerner, & Thompson, P.C., and for Count IV of her Complaint states as follows:

1. The Plaintiff, Vonnie Hofer, is the duly appointed Independent Administrator of the Estate of Arthur Hofer, deceased. (See Exhibit A attached hereto).

2. Upon information and belief, at all times relevant herein, Wrophas Meeks, M.D., was a physician licensed to practice medicine in Illinois and was practicing medicine in Williamson County, Illinois including providing radiology services to

8

patients of the Veterans Administration Medical Center in Marion, Williamson County, Illinois.

3. Upon information and belief, at all times relevant herein, the Defendant SI Radiology Associates, LLC employed Wrophas Meeks, M.D. and he was acting as its agent, servant or employee.

4. In the alternative, upon information and belief, at all times relevant herein, the Defendant Logan Park Imaging, LLC employed Wrophas Meeks, M.D. and he was acting as its agent, servant or employee.

5. On October 11 and 12, 2007, the decedent, Arthur Hofer, was a patient at the Veterans Administration Medical Center in Marion, Illinois.

6. The decedent remained a patient of said hospital up to and including his death there on October 12, 2007.

7. Upon information and belief, during the decedent's admission at said Veterans Administration Medical Center, the Defendant, SI Radiology Associates, LLC and/or Logan Park Imaging, LLC, by and through its agent, servant or employee, Wrophas Meeks, M.D., provided care to the decedent; namely, review and interpretation of x-rays or other studies that were performed on the decedent.

8. On October 12, 2007, a chest x-ray was obtained on the decedent at said medical center.

9. Upon information and belief, the Defendant, through its agent, servant or employee, Wrophas Meeks, M.D., read and interpreted said chest x-rays.

10. At all times relevant herein, the Defendant SI Radiology Associates, LLC and/or Logan Park Imaging, LLC, through its agents, servants or employees, owed a duty

9

to the decedent to use the skill and care used by a reasonably careful physician under similar circumstances.

11. On October 12, 2007, the Defendant, through its agents, servants or employees, interpreted a chest x-ray performed on the decedent as showing a greater than 60 percent right-sided pnuemothorax.

12. Upon current information and belief, on October 12, 2007, the Defendant SI Radiology and/or Logan Park Imaging, LLC, by its agents, servants or employees, breached said duty by one or more of the following acts or omissions:

    A. Negligently and carelessly failed to promptly and timely provide his interpretation of the chest x-ray to a physician or physician surrogate who was treating the decedent; and/or

    B. Negligently and carelessly failed to read and interpret the chest x-ray in a "stat" or prompt manner so that his interpretation could be provided to the decedent's physicians or physician surrogates in a timely manner; and/or.

    C. Otherwise negligently and carelessly failed to provide appropriate radiological care to the decedent.

13. One or more of the foregoing acts or omissions caused or contributed to cause the death of Arthur Hofer on October 12, 2007.

14. One or more of the foregoing acts or omissions was a cause of the next-of-kin of Arthur Hofer, deceased, having suffered pecuniary loss, been deprived of his love, companionship, and society, and the next-of-kin having sustained monetary damages and grief and sorrow all in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff respectfully requests judgment be entered against the Defendant SI Radiology Associates, LLC and/or Logan Park Imaging, LLC, in a sum in excess of Fifty Thousand Dollars ($50,000.00) for the damages of Arthur Hofer's next-of-kin and Plaintiff's costs of suit.

## COUNT V

(Survival Action vs. Chirag Dave, M.D.)

Comes now the Plaintiff, Vonnie Hofer, Independent Administrator of the Estate of Arthur Hofer, deceased, by her undersigned attorneys, Alan G. Pirtle and Becker, Paulson, Hoerner, & Thompson, P.C., and for Count V of her Complaint states as follows:

1. The Plaintiff, Vonnie Hofer, is the duly appointed Independent Administrator of the Estate of Arthur Hofer, deceased. (See Exhibit A attached hereto).

2. Upon information and belief, at all times relevant herein, the Defendant, Chirag Dave, M.D., was a physician licensed to practice medicine in Illinois and was practicing medicine in Williamson County, Illinois including providing internal medicine services to patients of the Veterans Administration Medical Center in Marion, Williamson County, Illinois.

3. On October 11 and 12, 2007, the decedent, Arthur Hofer, was a patient at the Veterans Administration Medical Center in Marion, Illinois.

4. The decedent remained a patient of said hospital up to and including his death there on October 12, 2007.

5. Upon information and belief, during the decedent's admission at said Veterans Administration Medical Center, the Defendant, Chirag Dave, M.D., provided medical care to him.

6. On October 12, 2007, a chest x-ray was obtained on the decedent at said medical center and, upon information and belief, said x-ray was ordered by the Defendant.

11

7. Upon information and belief, the decedent developed a greater than 60 percent right-sided pnuemothorax while under the care of the Defendant and treatment for said condition was delayed.

8. At all times relevant herein, the Defendant, Chirag Dave, M.D., owed a duty to the decedent to use the skill and care used by a reasonably careful physician under similar circumstances.

9. Upon current information and belief, the Defendant breached said duty by one or more of the following acts or omissions:

- A. Negligently and carelessly failed to order a "stat" chest x-ray or a "stat" x-ray reading after insertion of a central line in the decedent; and/or
- B. Negligently and carelessly failed to consult a radiologist in a timely manner regarding the reading of the October 12, 2007 chest x-ray showing the pnuemothorax; and/or
- C. Negligently and carelessly failed to timely and appropriately diagnose and respond to a pnuemothorax; and/or
- D. Negligently and carelessly failed to timely and adequately treat a pnuemothorax; and/or
- E. Otherwise negligently and carelessly failed to provide appropriate radiological care to the decedent.

10. As a direct and proximate result of one or more of the foregoing acts or omissions, the medical condition of the decedent, Arthur Hofer, was not adequately and timely diagnosed and treated which was a cause of: decedent experiencing and sustaining pain and suffering, disability, emotional distress, disfigurement, disability, and loss of normal life; the effectiveness of his medications and medical care and his chance of survival were reduced and he died on October 12, 2007; and, the decedent required additional medical care and incurred medical and other expenses prior to his death on

12

October 12, 2007 all to his damage in a sum in excess of Fifty Thousand Dollars ($50,000.00).

11. This count is brought pursuant to the Illinois Survival Act, 755 ILCS 5/27-6 *et. seq.*

WHEREFORE, the Plaintiff respectfully requests judgment be entered against the Defendant, Chirag Dave, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00) for Arthur Hofer's damages sustained prior to his death, and Plaintiff's costs of suit.

## COUNT VI

(Wrongful Death vs. Chirag Dave, M.D.)

Comes now the Plaintiff, Vonnie Hofer, Independent Administrator of the Estate of Arthur Hofer, deceased, by her undersigned attorneys, Alan G. Pirtle and Becker, Paulson, Hoerner, & Thompson, P.C., and for Count VI of her Complaint states as follows:

1. The Plaintiff, Vonnie Hofer, is the duly appointed Independent Administrator of the Estate of Arthur Hofer, deceased. (See Exhibit A attached hereto).

2. Upon information and belief, at all times relevant herein, the Defendant, Chirag Dave, M.D., was a physician licensed to practice medicine in Illinois and was practicing medicine in Williamson County, Illinois including providing internal medicine services to patients of the Veterans Administration Medical Center in Marion, Williamson County, Illinois.

3. On October 11 and 12, 2007, the decedent, Arthur Hofer, was a patient at the Veterans Administration Medical Center in Marion, Illinois.

13

4. The decedent remained a patient of said hospital up to and including his death there on October 12, 2007.

5. Upon information and belief, during the decedent's admission at said Veterans Administration Medical Center, the Defendant, Chirag Dave, M.D., provided medical care to him.

6. On October 12, 2007, a chest x-ray was obtained on the decedent at said medical center and, upon information and belief, said x-ray was ordered by the Defendant.

7. Upon information and belief, the decedent developed a greater than 60 percent right-sided pnuemothorax while under the care of the Defendant and treatment for said condition was delayed.

8. At all times relevant herein, the Defendant, Chirag Dave, M.D., owed a duty to the decedent to use the skill and care used by a reasonably careful physician under similar circumstances.

9. Upon current information and belief, the Defendant breached said duty by one or more of the following acts or omissions:

   A. Negligently and carelessly failed to order a "stat" chest x-ray or a "stat" x-ray reading after insertion of a central line in the decedent; and/or

   B. Negligently and carelessly failed to consult a radiologist in a timely manner regarding the reading of the October 12, 2007 chest x-ray showing the pnuemothorax; and/or

   C. Negligently and carelessly failed to timely and appropriately diagnose and respond to a pnuemothorax; and/or

   D. Negligently and carelessly failed to timely and adequately treat a pnuemothorax; and/or

   E. Otherwise negligently and carelessly failed to provide appropriate radiological care to the decedent.

10. One or more of the foregoing acts or omissions caused or contributed to cause the death of Arthur Hofer on October 12, 2007.

11. One or more of the foregoing acts or omissions was a cause of the next-of-kin of Arthur Hofer, deceased, having suffered pecuniary loss, been deprived of his love, companionship, and society, and the next-of-kin having sustained monetary damages and grief and sorrow all in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff respectfully requests judgment be entered against the Defendant, Chirag Dave, M.D. in a sum in excess of Fifty Thousand Dollars ($50,000.00) for the damages of Arthur Hofer's next-of-kin and their costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

BECKER, PAULSON, HOERNER, & THOMPSON, P.C.

By: _____
Alan G. Pirtle #06208141
5111 West Main Street
Belleville, IL 62226
(618) 235-0020 (Telephone)
(618) 235-8558 (Fax)
ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VONNIE HOFER, Independent Administrator of the Estate of Arthur Hofer, Deceased,<br><br>      Plaintiff,<br><br>   vs.<br><br>WROPHAS MEEKS, M.D., LOGAN PARK IMAGING, LLC, SI RADIOLOGY ASSOCIATES, LLC, and CHIRAG DAVE, M.D.<br><br>      Defendants. | Civil No. **09–980–JPG–CJP** |

## CERTIFICATION OF SCOPE OF EMPLOYMENT

I, A. Courtney Cox, United States Attorney for the Southern District of Illinois, pursuant to the provisions of 28 U.S.C. § 2679(d)(2) and by virtue of the authority vested in me under 28 C.F.R. § 15.3(a), certify that I have read the complaint in this action. On the basis of the information now available with respect to the incidents referred to therein, I find that defendants Wrophas Meeks, M.D. and Chirag Dave, M.D. were acting within the scope of their employment as employees of the United States of America, Department of Veterans Affairs at the time of the incident of which plaintiff complains.

DATED: __11-23-09__

_____
A. COURTNEY COX
United States Attorney

Exhibit B